UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Nguyen Hooker, | Case No. 2:25-cv-02265-CDS-EJY |
| Petitioner | **Dismissal Order** |
| v. | |
| Kevin McMahill, et al., | |
| Respondents | |

Petitioner Nguyen Hooker has filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1 ("petition"). For the reasons discussed below, following an initial review of the petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), I dismiss the petition based on a lack of jurisdiction.

I.   Background[1]

Hooker challenges a *forthcoming* conviction by the Las Vegas Municipal Court in case number C1231065. Hooker was convicted of driving under the influence of alcohol ("DUI") and sentenced to (1) complete, at his own expense, a court-ordered course on drinking and driving education; (2) attend and pay for a Victim Impact Panel; and (3) pay a fine of $910, plus a $10 court assessment fee and a $60 chemical assessment fee. ECF No. 1 at 2. Hooker filed a writ of mandamus, challenging the municipal court's subject matter jurisdiction. The municipal court denied Hooker's writ, Hooker appealed, and the Nevada Court of Appeals affirmed. According to Hooker, "[a]s of the time of the filing of the instant § 2254 petition, the Judgment of Conviction has not been filed." *Id*.

II.   Discussion

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*,

---
[1] I take judicial notice of the Nevada appellate courts online docket records, accessible at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The federal habeas statute provides that this Court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. 2254(a). Hooker fails to demonstrate that this Court has jurisdiction to entertain his Petition. First, the municipal court has yet to enter a judgment of conviction in this matter. Second, Hooker is not in custody. *See Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (explaining that "a petitioner must show that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'"); *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) ("In general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement.").

### III.    Conclusion

It is therefore ordered that the petition **[ECF No. 1] is dismissed for lack of jurisdiction**. A certificate of appealability is denied, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondents,[2] (2) electronically provide the respondents' counsel a copy of the petition (ECF No. 1) and this order, (3) enter judgment, and (4) close this case.

Dated: December 2, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] No response is required from the respondents other than to respond to any orders of a reviewing court.

2